Argued and submitted September 7, 2006, affirmed March 14, appellant's petition
for reconsideration filed March 28 allowed by opinion May 30, 2007
See 213 Or App 211, 159 P3d 1291 (2007)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ARTISSA DEHONDA GAINES,
*Defendant-Appellant.*

Multnomah County Circuit Court
040343619; A124872

155 P3d 61

Harry R. Carson argued the cause and filed the brief for appellant.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Julie A. Smith, Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

## ROSENBLUM, J.

Defendant appeals her conviction for obstructing governmental or judicial administration, ORS 162.235. She argues that the evidence, which shows that she refused to obey a lawful order to move from one place to another, is insufficient to support her conviction. We affirm.

In January 2004, defendant was arrested on an unrelated felony charge. She was booked and lodged at the Multnomah County Sheriff's Office. On March 7, 2004, while defendant was still incarcerated on the felony charge, Corrections Sergeant Jacobs discovered during a review of prisoner booking photographs that defendant's file contained a profile photograph but no frontal photograph. He went to defendant's cell and told her to accompany him to the booking area to take a frontal photograph. She refused. Jacobs decided not to force the issue at that time.

The next week, he again directed defendant to go to the booking area to be photographed. She again refused and asked to speak to her attorney. He informed her that she could speak to her attorney, but that he would resolve the issue of the missing photograph the next time her saw her. When Sergeant Jacobs approached her a week later, defendant told him that her attorney said that it was unlawful for the police to take her photograph unless he produced the relevant law in writing. Sergeant Jacobs informed her that she was incorrect and ordered her to accompany him to the booking area. Defendant refused a third time.

After defendant's third refusal, Jacobs checked her record and discovered that defendant had also refused to cooperate at her initial booking. According to that record, as a result of defendant's resistance, the booking process, which normally takes about three hours, took 17 hours. Defendant had turned her head to the side every time the booking officers had attempted to take a frontal photograph. The record also indicated that the officers had resorted to force in order to fingerprint defendant and to dress her in jail garments.

Jacobs concluded that any efforts he made to obtain a frontal photograph of defendant would likely be met with

similar resistance. He decided not to force another such confrontation with defendant and to have her charged with obstructing governmental or judicial administration in violation of ORS 162.235. The information alleged that, "on or about March 21, 2004," defendant "unlawfully and intentionally obstruct[ed], impair[ed] and hinder[ed] the administration of law by means of physical interference and obstacle."

Defendant was tried in a bench trial. Jacobs's testimony on behalf of the state established that defendant verbally refused to go to the booking area to be photographed but did not otherwise physically resist. At the close of the state's evidence, defendant moved for a judgment of acquittal, arguing that her refusal to accompany Jacobs from her housing unit to the booking area in the basement to have her picture taken did not constitute "physical * * * interference or obstacle" within the meaning of ORS 162.235. The trial court denied the motion and ultimately convicted defendant.

On appeal, defendant argues that there is insufficient evidence that she violated ORS 162.235. She contends that her three refusals to accompany Jacobs to the booking area in March did not obstruct the administration of law "by means of * * * physical * * * interference or obstacle" because her refusal to move was not a physical act. The state argues that defendant was properly convicted for failing to perform a physical act that she was legally required to perform, specifically moving from her cell to the booking area.[1]

■■ ORS 162.235(1) provides, "A person commits the crime of obstructing governmental or judicial administration if the person intentionally obstructs, impairs or hinders the administration of law or other governmental or judicial function by means of intimidation, force, physical or economic interference or obstacle." The question before us is whether

---

[1] In her opening brief, defendant argued that the trial court improperly convicted defendant for her conduct at the initial booking in January. At oral argument, the state explained that the prosecutor "never made an argument * * * that the January incident alone was sufficient to support a conviction." According to the state, the trial court convicted defendant for her conduct in March, and evidence of her conduct in January helped prove that she acted intentionally in March. We agree with the state's characterization of the record. Thus, we consider only whether defendant's conduct in March, viewed in the context of her January conduct, was sufficient to support a conviction.

defendant's refusal to move obstructed, impaired, or hindered the administration of law "by means of * * * physical or economic interference or obstacle." To answer that question, we look to the text of the statute in context and, if necessary, to legislative history and other interpretive aids. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

We begin by considering the plain, natural, and ordinary meaning of "physical * * * interference or obstacle." "Interference" and "obstacle" are defined respectively as "the act of meddling in or hampering an activity or process : OBSTRUCTION, INHIBITION," *Webster's Third New Int'l Dictionary* 1178 (unabridged ed 2002), and "something that stands in the way," *id.* at 1558. Defendant's refusal to move to the booking area "hampered" Jacobs's attempts to take her photograph and "stood in the way" of his performance of his lawful duties. Defendant does not argue otherwise. *See* ORS 181.511(1)(a) (requiring law enforcement agencies to collect certain criminal offender information, including a booking photograph). Rather, she contends that her conduct was verbal, defines physical as "of or relating to the body,"[2] and argues that her conduct was not, therefore, "physical."

We agree with defendant that a bodily movement that intentionally hinders the administration of law would qualify as "physical * * * interference or obstacle." It does not follow, however, that defendant cannot be convicted for her conduct merely because she did not move her body. A failure to move one's body can fairly be said to "relate to the body." In *State v. Mattila*, 77 Or App 219, 712 P2d 832, *rev den*, 301 Or 77 (1986), sheriff's deputies charged with evicting the defendant from the premises ordered him to remove the crutch blocking their way into the home, and the defendant refused. The defendant argued that his conduct was not "physical

---

[2] Another broader definition of "physical" as it is used in ORS 162.235 is "of or relating to natural or material things as opposed to things mental, moral, spiritual, or imaginary." *Webster's* at 1706; *see also* ORS 162.225 (defining "physical evidence" as used in ORS 162.225 to 162.375 as "evidence of physical substance" unless the context requires otherwise). As the body is a natural thing, if something is "of or relating to the body," it is necessarily "of or related to natural things." Because we conclude that defendant's conduct fit within the narrower definition of the term "physical," as suggested by defendant, we need not resolve in this case whether the legislature intended the broader meaning.

interference," and we held that evidence of the defendant's refusal to remove the crutch and intent to block the deputies from entering could support a conviction under the statute. As in the present case, the defendant did not thwart the deputies' efforts by means of bodily movements. Rather, in *Mattila*, the defendant verbally refused to use his body to move something (a crutch), thereby impeding the deputies' performances of their lawful duties. We see no meaningful distinction between the facts of *Mattila* and the facts of this case. Here, defendant verbally refused to move something (her body), thereby impeding Jacobs's performance of his lawful duties. We therefore conclude that defendant's failure to move when ordered to do so obstructed Jacobs's efforts to take her photograph "by means of * * * physical interference * * * or obstacle."[3]

■  Defendant also argues that there was no evidence that she "intentionally" obstructed the administration of law because both she and Sergeant Jacobs testified that defendant was upset and wanted to speak with her attorney. We disagree. The inference that defendant intended to hinder the administration of law by refusing to move in March was reasonable in light of Sergeant Jacobs's testimony about her conduct during the January booking.

Affirmed.

---

[3] The parties assume that the term "physical" modifies both "interference" and "obstacle." Because we conclude that defendant's failure to move when ordered to do so obstructed the administration of law by means of physical interference, we need not resolve that question.