STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARTISSA DEHONDA GAINES,
*Defendant-Appellant.*

Multnomah County Circuit Court
040343619; A124872

159 P3d 1291

Harry R. Carson for petition.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

**ROSENBLUM, J.**

Defendant seeks reconsideration of our opinion in *State v. Gaines*, 211 Or App 356, 155 P3d 61 (2007). She argues that we both misstated the facts and misconstrued the law when we affirmed her conviction for obstructing governmental or judicial administration, ORS 162.235. We grant the motion for reconsideration, modify the former opinion, and adhere to the former opinion as modified.

First, defendant argues that we misstated the facts when we twice stated that defendant had been arrested and incarcerated for "an unrelated felony charge" when she violated ORS 162.235. Defendant contends that she was arrested and incarcerated for an unrelated misdemeanor charge. The record does not resolve this factual question. Accordingly, we modify our former opinion to strike the two references to "felony" and to, therefore, indicate that defendant was arrested "on an unrelated charge" and "incarcerated on the charge."

Second, defendant argues that our opinion misstated the facts of *State v. Mattila*, 77 Or App 219, 712 P2d 832, *rev den*, 301 Or 77 (1986). Specifically, defendant contends that the defendant in *Mattila* was never "ordered * * * to remove the crutch" and never "verbally refused to use his body to move something (a crutch)," and thus it was error to analogize that defendant's actions to the actions of defendant in this case. *Gaines*, 211 Or App at 360-61.

We reject defendant's argument that we misstated the facts of *Mattila*. The facts as set forth in *Mattila* established several oral exchanges between the defendant and the officers. The defendant in *Mattila* "refused to open the door," "refused to [leave the house]," and "refused to remove [the crutch used to wedge the door closed]." 77 Or App at 221, 223. Although *Mattila* does not specify whether the deputies generally requested that the defendant open the door or whether they specifically asked the defendant to remove the crutch, that lack of specificity is not significant. The defendant in *Mattila* was given an order to move his body to open the door, just as defendant here was given an order to move her body to the booking area. The action that the defendant in *Mattila*

would have had to take to open the door—whether it be removing a crutch or unlocking a deadbolt—does not bear on the underlying legal principle, namely, that evidence of a defendant's refusal to move after being ordered to do so can support a conviction under ORS 162.235.

We reject defendant's statutory construction argument without discussion.

Reconsideration allowed; former opinion modified and clarified, and adhered to as modified and clarified.